**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON - EUGENE DIVISION**

| | |
|---|---|
| Eric T Jackson, individually and dba Eugene Transitions Junction Campus, Alexi Elias Ghenatos, Patricia Hadley, Glyndon Godare, Amanda Dupray-Raley, Christina Chapman, Samuel Haddaway, Alicia Davidson, Jerry Glass, Steven Kyvelos, Charles R Petty, Samantha Robinson, Plaintiff(s); | § <br> § Case #   6:20-cv-00906-MK <br> § <br> § <br> § Docket # <br> § <br> § <br> § Assigned to: <br> § <br> § <br> § <br> § Clerk Assigned: <br> § <br> § <br> § <br> § |

vs

| | |
|---|---|
| Gregory Gill Esq.,PJEMC, individually, <br> Lt. Douglas L Mozan, individually, <br> Pete Kerns, individually <br> St. Vincent de Paul Incorporated <br> HQ: Chad Drive, Eugene <br> Terry McDonnald, Ex Dir, individually, <br> Roxanne O'Brien, Dir, Individually <br> Karen Stenard AJEMC, individually, <br> Mayor Lucy Vinis, individually, <br> EPD Officer Mace, individually <br> Joseph Fritts, individually, <br> Julie Smith, individually, <br> Gregory Magnus, individually <br> Dale Dawson, individually, | § Emergency TRO <br> § Prim. Injunctive <br> § Relief, Declaratory <br> § Relief 4.815, <br> § Ex Parte; <br> § <br> § 42 USC 1983; <br> § <br> § As-applied and <br> § Facial challenge, <br> § ERMC 4.872,2.019 <br> § 4.807 letter=CT2; <br> § <br> § Class Action, <br> § <br> § Monell; |

```
Michael Johns, individually,              §
Richard Fredricks AJEMC, individually,    § Breach of Contract;
Steve Mokrohisky, individually,           §
Steve Dingle Esq., individually           § Title VII
Jon Ruiz, individually,                   § Public Accommodations
Travis Smith, individually,               § violations,
Ben Miller, individually,                 § 659A.104(2)(f);
Allison Jordan,JD, individually           §
Jose Alvarez, individually                § Declaratory Relief;
Jason Bo Rankin, individually,            § Retrospective Relief;
Jennifer & Joel Peckels,married couple    § Compensatory &
EPD Chief Chris Skinner, individually,    § Punitive Damages;
Incorporated Lane County,                 §
Incorporated City of Eugene,              § Filing and Legal Fees
                                          § for appointed
                                          § Counsel.
                      Defendant(s).       §
                                          §
                                          § Jury Trial
                                          §
                                          §
```

## Claim for Relief under 42 USC 1983 & Monell

COME NOW ALL the Plaintiff's Eric T Jackson, individually and dba Eugene Transitions Junction Campus (aka herein Camp 99), Patricia Hadley, Glyndon Godare, Amanda Dupray-Raley, Alexi Elias Ghenatos, Christina Chapman, Samuel Haddaway, Alishia Davidson, Jerry Glass, Charles R Petty, Steven Kyvelos Samantha Robinson. And for the cause of action against, Gregory Gill Esq.,Presiding Judge Municipal Court, individually, EPD Lt. Douglas L Mozan, individually, Pete Kerns, EPD & ret.COS SVdP, individually, Terry Mcdonald, SVdP ExDir,individually, Roxanne O'Brian,  SVdP Dir,individually, Karen  Stenard Assistant Judge EMC, individually, Mayor Lucy Vinis, individually, EPD Officer Mace, individually, EPD Officer Joseph Fritts, individually, EPD Sgt. Julie Smith, individually, EPD Sgt Gregory Magnus, individually, EPD SgtDale Dawson, individually, Lane County

Facilities Manager Michael Johns, individually, Richard Fredricks Assistant Judge EMC, individually, Lane County Administrator Steve Mokrohisky, individually, Lane County Counsel Steve Dingle Esq., individually,Former City MAnager of Eugene Jon Ruiz, individually, Lead Prosecutor Eugene Travis Smith, individually,Assistant Prosecutor Ben Miller, individually, EPD Officer Allison Jordan, DJur, individually, EPD Officer Jose Alvarez, individually, EPD Officer Jason Bo Rankin, individually, EPD OFFICERS Jennifer & Joel Peckel, married couple, EPD Officer Jackson Stramler, individually, EPD Chief Chris Skinner, individually, Incorporated Lane County, Incorporated City of Eugene.

This matter came before the Court on Plaintiff Behalf;

1) February 25th 2018 I, plaintiff Eric T Jackson and author of these documents, arrived in Eugene Oregon, and chose to reside here the second week in March, I registered to vote, change all of my related documents and services to Oregon. Myself and all named parties and unnamed parties from the proposed Class are homeless currently and Oregon residents. I only use government services for food stamps at $194 per month for Oregon residents from the Department of Agriculture, not the State or County or Municipality and Medicare a Federal program.
2) Soon after the unlawful arrest on 6/12/18 below, at 1 Broadway E, at a July council meeting I infomed City councilors, City mgr and City Attorney, had written The Municipal Court, The City through the City Manager email, The Police Department through the Chief of Police email, and the County District Attorney Patty Perlow, letting them know they were put on notice, pointing out that the Federal Court in Grand Rapids Michigan ruled letter of trespass on file was not probable cause for detaining or searching, and my intent on filing suit in a Federal Court for unconstitutionality of the letter of trespass connected to 4.807 when I prevailed in court, this behavior had not stopped and is a continuous string of ticketing, warrant

3

checks, searches of property, destruction of property, false arrest and unreasonable confinement in custody at the Lane County Jail for charges that ORS chapter 133 defines as reasonable to Cite and Release if the release will not interfere with the person reporting to the court when scheduled.

3) Though I was homeless I was actively involved with many homeless advocates in Eugene and government groups HRC, HPSG, city council, county commission, the city manager and mayor of Eugene and 501c3's like Occupy Medical, Ward 9, Share Fair, CALC, Catholic Workers, the Salvation Army, Goodwill, Nightingale Hosted Shelters, Shelter Care and some of the churches. I involved myself with as many of the homeless population as possible, this was all between 2/25/2018 and 9/7/2018.

4) From October 27, 2018 to January 16th 2019 Defendants Mozan, Johns, Dingle, Mokrohisky, Skinner, County of Lane, City of Eugene named as defendant herein, violated our constitutional rights as the plaintiff(s) in the group individually, named or unnamed. These are in violation by retaliating against our first amendment Free speech rights to protest for redress. We were supposed to be in a safe place on highway 99 with promise to (Jackson) me for long-term homeless rehabilitation training and services operation where I was the program director.

5) Since the 13th of February 2019 defendants have caused individual plaintiffs to be charged, detained, taken into custody, taking plaintiff('s) property and disposing of it, violating Lavan v LA. Even state law in Oregon requires storage of property for 30 days although the Lavan requires it be stored no less than 90 days. Personal property is just that, personal property, identifying it as wet does not make it personal property trash identifying personal property as food does not make it trash.

6) Smith, Rankin & Alvarez, were all put on task by Mozan to arrest me and defendant Haddaway, into custody, so that they could violate again our rights under the 1st amendment, 4th amendment, 14th amendment, they did this by way of disposing of 75% of my property totaling

4

approximately $3,000 replacement value. This was done on March 9th 2019. I was jailed for interfering with public transit and disorderly conduct under local statutes in Eugene. State statute Chapter 133 ORS, helps officers to define why and when to cite and release, or confined to custody the accused and what level crimes to release. No reasonable officer including behaviors of these officers at various times, both before and after this event, would take somebody into custody and be left to handle property of the homeless, let alone discard 75% of an accused, for petty, non violent, misdemeanor crimes, property factors into the custody decision, because EPD do not save things that are "wet or food" and they knew this in advance.Though these are just guidelines they certainly make it very reasonable to not confine somebody to jail for 24 hours, when their property is wet and will be thrown away before they get out the next day or sooner, so their property can be searched and destroyed. With a goal of dismantling my first amendment protest for redress of homeless policy.

7) Feb 12, 2019 I promised the County Commission and later the city council that I would continue my Martin protest on the concrete, if no corrections were made after so many were thrown out in the cold January 16th from Camp 99. Or swapped into a forced enroll project to funnel money to SVdP. I would do this until the temperature had exceeded 40 degrees as daily lows. The week before our March 9th arrest plaintiffs Jackson and Haddaway, Eugene Oregon got over a foot of snow. Street snow had just subsided due to light rain, the night before our arrest. Being that it was raining early that Saturday morning before defendants arrived it is clear my $400 Big Agnes Tent would be wet, as would be almost every piece of property I owned, because it was consistently wet for 14 days and over a foot of it was snow melt.

8) Based on retaliatory behavior of our protest, Defendants the Eugene police, City prosecutors, and Judges in the municipal Court, City management, and the Chief of Police overseeing policies,And the County Administrator and attorney we jointly decided to continue the protest for

5

regardless of weather, this continued for 360 daysat 16 different location area closed for scheduled cleaning.
9) By the point that it was the last straw, I was again unjustly arrested for protesting in front of the Eugene Federal Courthouse at the hands and direction of defendant Mozan Who again chose to confiscate my property, when Pastor Steve Kimes was present for my arrest, and the property had been donated by him and I ask that you please take the property back. A tent, sleeping bag, blanketsAnd signage for the protest reading "I'd rather spend money on Homeless solutions than War!"
10) The situation and harm was expanded exponentially because Judge Karen Stenard at my arraignment in jail took actions or outside the scope of her position on the bench, And outside the jurisdiction granted by ERC 2.019. And for those reasons at 12b6 should fail. The area restriction of the downtown zone was unreasonable because the charge was outside the zone at the Federal Court, outside the guidelines imposed by the city's exclusion area for specific streets. And Stenard then gave me a map that she highlighted. This extended far beyond the downtown exclusion zone, running 5th Street to 15th Street, Lincoln Street to High Street(att). The zone is the middle of 6st to the middle of 11th st, city administrative rule [map available online](). I informed Judge Stenard in the jail court not of record, that the map was wrong and I would not sign for it, it was as if I were invisible.
11) I had a hearing at a later time in the municipal Court telling the court the map was incorrect. The Judge Fredricks said he didn't care, that's not what he was here to decide though I submitted Docs To the Court for the Court to Product its Discovery(att). This is unlawful by the City of Eugene standards for the exclusion zone and contradicts the administrative exclusion zone. It was not where the violation of questionable 4.807 trespass 2 while protesting on the corner of 8th and Mill across from the Federal Court House.

[Third Person section written before rest assembled]

12) In Eugene Lane County Oregon over 2000 people are homeless on any given night according to the HUD point-in-time count 2019. Without accounting for any length of stay of the background of an individual with regard to their access to shelter in the two main shelters the Eugene mission Christian organization told me, they're housing approximately 350 individuals 300 being man, the mission has strict standards for sobriety the drug and alcohol testing if you test positive for any substance alcohol and marijuana included you may not stay and will be Dan from reapplying for 30 days.  St. Vincent's de Paul runs a dusk-to-dawn 7 p.m. to 7 a.m. winter strategy from November 1st through until Jan 16 then March 31st annually. In 2019 from January 14th through April 15th st. Vincent de Paul was running hours leaving them only closed from 10 a.m. to 2 p.m. at that point Saint Vincent's has 192 beds. They are a rest stop, others in areas of Eugene that have between six and 20 residents. As well there is shelter care that houses 25 to 30 respite beds for the homeless yet approval is difficult because  beds turn over slowly. On January 20th 2019 Riverbend hospital in Springfield Oregon had their social worker contact shelter care needing respite bed for plaintiff Jackson who suffered a stroke 4 days earlier. None were available. Jackson retreated 2 woods in the South hills to avoid police we're here at camp for the seven  months prior to the Martin Boise protest, and implementation of camp 99.  Plaintiff Jackson was given the opportunity to have one night and a hotel  from insurance. After that back to the tent. Until February 12th, when he reignited the protest by setting up in free speech plaza located at 8th Street and Oak Avenue. The first night at 11 p.m. police lieutenant and sergeant inform Jackson they received a call from Lane County stating that they wanted to enforce the curfew in free speech plaza. Jackson inform the Eugene police of the case concerning sleeps in 2012 where the court determined on behalf of 12 defendants then, that a curfew on public property quelling speech and the

7

First amendment of the US Constitution it's not within narrowest of restrictions by government regarding First amendment rights, and dismissed all charges for trespass in the second degree wrong to sleep defendants. Setting precedent in 2012 we're both the county the city and the police department were clearly informed. The verdict made local headlines and the cldc who represented the defendants in the case on behalf of sleeps. Sleeps with a group in 2012 protesting in very similar manner to myself and the group that surrounds me. The afternoon of February 13th I went to the office of the county inside on the second floor down the East Hall. I'm at with D.D. at the desk and ask her if the County Attorney was present. She said yes Steve Dingle is here but in a meeting. As receptionist I asked if she was able to accept this document on behalf of Steve Dingle County attorney, he said yeah no problem, and I handed her judge Karen Stenard's written motion to dismiss trespass 2 within Free speech plaza, stating that government has no overriding interest enclosing free speech one third of the day on what is ostensibly a sidewalk. Informing both Lane County and Eugene police through the courts, the government has no interest that overrides the scope of the First amendment protections.

I. THEREFORE, based on the allegations asserted herein, Plaintiffs respectfully request relief as follows:
II. During the covid-19 shelter in place standards, homeless people in Eugene and Lane County have finally been treated in a manner with human dignity and respect. The County and City followed CDC recommendations for homeless shelter in place, and provisions for bathrooms porta potties portable hand wash stations. We are asking for injunctive relief in addition to an in advance of this claim for relief. I hereby repeat all claims in the injunctive and declaratory relief document to become incorporated into this document as ;
III. I received 2 misdemeanor citations, one when I was unknown by EPD or the Courts here where Defendant Joseph Fritts

falsely arrested on 6/12/18, charging me with criminal trespass 2, based on a unsubstantiated letter of trespass on file, he was the lead officer in the arrest, while officer Whipple present in the background had little idea of what was happening he had been with the suspect prior to Fritts choosing to interfere with my filming of the 2 officers interaction with a homeless vendor, a friend of mine, Eric, there is long established law I believe from New Jersey dating back to 2013 putting officers nationally on notice that 1st amendment freedoms prevents officers from interfering or attempting to confiscate equipment from person(s) video taping their execution of duty, provided they are in public areas. Fritts had absolutely no reasonable cause, he further knew he was being recorded when he knocked my camera to the ground (no noted damage beyond a corner scratch). I asked a friend to pick it up and continue recording. Fritts ordered my friend to step away from my property sitting on the sidewalk I was already cuffed, Fritts interfering with my filming the remainder of the interaction and put in effort to interfere with the video before unlawfully and unconstitutionally putting me in handcuffs, for no good reason. Officer Fritts seized me and my wallet in my pocket, searched through the wallet and seized my identification to use for filling out the ticket and my pockets checking for contraband, with no warrant, and no reasonable cause, the charge was dismissed with prejudice.

IV. I WAS NOT TAKEN INTO CUSTODY JUST CITE AND RELEASE.
V. The second ticket from Defendant Allison Jordan, a law school graduate and officer for the Eugene Police Department, she also issued the same ticket for the same reason letter on file, I had already been around a while and was now known by police and the court. No failure to appear issues, Jordan ticketed myself and named Plaintiff Alexi Elias Ghenatos, plaintiff Steven Kyvelos ($16,000+ in collections), defendant Officer Allison Jordan was informed by me prior and at the time of ticketing, that this was completely unconstitutional, the letter trespass on file does not pass muster. It was further a problem because

9

    Alexi was already in the public alley not on the dock when Jordan ordered him back onto the dock. Alexi and I stopped on the way to Saturday Market and Alexi had just exited the dock area. Defendant Jordan issued 3 citations on 9/3/2018 each to named Plaintiff Ghanatos, Jackson and Kyvelos all had the charge dismissed with prejudice. [Hightower et al v. The City of Grand Rapids (1:13-cv-469)](#), hot links on plaintiffs names in the header or throughout the document link to their Municipal Court charges.

    Claim for Relief :
    PRAYER FOR RELIEF

VI.    WHEREFORE, based on the allegations asserted herein, Plaintiffs respectfully request relief as follows:

VII.    A temporary restraining order and/or preliminary and permanent injunction, enjoining Defendants, their officers, employees, assignees, successors, and agents from enforcing Eugene Municipal Code §§ 4.807, with regard to a trespass letter on file, officers are empowered by this letter to act as agent for the property owner, giving EPD blanket authority over the exterior quazi public sidewalk portions of the property, and officers neglect to act as agent and neglect to ask individuals to leave whether causing a disturbance or not officers at their will detain, and have been known to tackle members of the proposed Class;

VIII.    A declaration that Defendants' present and threatened future actions violate Plaintiffs' rights to be free from illegal search and seizure under the United States Constitution 4th and 14th amendment due process of law;

**Claim for Relief**

    **PRAYER FOR RELIEF**

IX.    Those individuals who are not able to find a bed or floor mat in the shelters have no choice but to sleep in the

    public places of Eugene in violation of laws that prohibit "camping" or or "trespass" "exclusion zone violation" for sleeping in public places. Eugene police officers routinely issue camping, or trespass, or zone prohibition citations to persons who are homeless for sitting, or talking with friends in public places, standing under an awning in pouring rain in front of an closed commercial property's sidewalk adjacent to the windows --activities non-homeless persons have the freedom to engage in without fear of police interference. Eugene police officers also issue trespass or camping exclusion zone citations to persons who are homeless merely for sleeping in discrete public places which may be against a building on the public sidewalk running from windows to curb continuously, yet with a letter on file a sleeping person is trespassing even though outside the building. These citations lead to convictions and jail time, which make it more difficult for Eugene's homeless population to obtain and keep employment and long-term housing. Thus, they continue to sleep in public places despite the constant fear of being issued a citation or arrested if in an exclusion zone and cited for 4.872 over the prior six months.  I was arrested for willful prohibited camping on 9/3/2019 by Defendant Police Officer Allison Jordan, exactly one year after her trespass 2 ticket was dismissed with prejudice;

X. This is an action brought by persons who are homeless and who are threatened with citation or arrest and potential loss of property if anything is wet, under two Eugene Municipal Code ordinances: (1) § 4.815 which prohibits camping on streets, in parks, or in public places at any time within the Incorporated City Limits of Eugene; and (2) § 4.872, which prohibits sleeping in public in and vague and overbreathe § 4.872 which covers everything from news stand structures, sales without license even if art or personal writings of the seller, in violation of the 1st amendment. The Defendants have used these laws to cite and arrest individuals who cannot avoid violating these laws because they are homeless. In effect, Defendants have "indentured" homelessness and these laws violate the fair

11

|      |      |
|------|------|
|      | credit collections act and the fair credit reporting act and the requirements of the United States Constitution. |
| XI.  | Plaintiffs bring this action for declaratory and injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Plaintiffs seek this relief to enjoin Defendants from enforcing Eugene Municipal Code §§ 4.815 and 4.872, for sleeping or lying down in public whether in a tent for protection from the elements of safety storing personal property, and to declare these ordinances unconstitutional. 4.815 as-applied to the person with no permanent address, and 4.872 as facially unconstitutional for overbreathe. |
| XII. | A temporary restraining order and/or preliminary and permanent injunction, enjoining Defendants, their officers, employees, assignees, successors, and agents from enforcing Eugene Municipal Code §§ 4.815, with respect to persons sleeping or lying down in public that is known to be homeless with no permanent address, whether on the ground with or without bedding, or in a tent for protection from elements and protecting personal property; |
| XIII.| A declaration that Defendants' present and threatened future actions violate Plaintiffs' rights to be free from cruel and unusual punishment under the United States Constitution 8th amendment excessive fines, cruel and unusual punishment; and as defined in Martin Boise 9/4/18 |
| XIV. | Vacate all violations of 4.815 from 9/7/18 when plaintiff Jackson informed defendants that the Martin v Boise ruling prevented 4.815 to homeless sleeping in public spaces including parks regardless of curfew posted because 4.815 as applied to a person with no permanent address has the constitutional rights expressed in Martin v Boise. |
| XV.  | I hereby incorporate this document and its individual paragraphs and subparagraphs into the total Claim for Relief against defendants herein, as additional Counts to the Claim, merging the totality to include everything filed here; |
| XVI. | Based herein and the promise of long-term for ETJ Campus, as is the rest stop for SVdP Jan 2019 |

|      |      |
|------|------|
|      | receiving $1,350,000. for 6 months of winter strategies, the temporary funding for the number of individuals "bait and switched", that the collusion between Defendant's Saint Vincent de Paul, Kearns & O'Brian, Defendant Mozan and Skinner, the county, and city maintain behind closed doors, seemingly the day after we got there, to the exclusion of representation of the Plaintiff's under the ultimate direction of Mozan and Johns on the Ground, and Mokrohiski, with the regular help navigate, *Bravo and *O'Rourke. |
| XVII. | I believe unless for actual negligence or gross dereliction of duty I should be entitled to reestablish Eugene Transitions Junction Campus, on a different of equal or better lot size and structure nontoxic County property from its extensive portfolio with an annual budget of the same of $1,200,000.00 to service the extra 100 homeless people at SVdP jan to june 2019 received. 1.2 million per year for 3 years which then allocates what was agreed on the 10/27/2018, and 10% additional from the City of Eugene; |
| XVIII. | The land, and any structure, ETJ Campus will expect the same Support Services that were demonstrated for Saint Vincent de Paul 12/2018 in the development of the dawn to Dawn camp With County Public Works staff making the property habitable to their best ability. Documented comparisons and photographs exist demonstrating how the County and City provided the heavy equipment labor electrical skills and HV AC setup with tents at St Vincent's. ETJ campus will be entitled to additional public and private |

        donations; ETJ Campus is not registered 501(c)3 nonprofit just as business trade name, all resources being delegated from those donations directly to supporting homeless individuals with expenses and fees to allow for success, these domations are completely deductible as donations to the homeless based on IRS exemptions.  if there's any need for a 501(c)3 to administer the funding there are multiples available that have agreed tentatively;Based on all claims made I believe there should be relief for the entirety of the Class in the amount of $3,000 per person property that has been wrongfully seized, used and destroyed, That should be extracted from the police department, parks and open space department and Public Works budgets of the City of Eugene. This is almost half of what CALTRANS paid in the recent settlement 2019.

XIX. Defendants Sgt Smith and Rankin should be required to reimburse me at full replacement value $3000.00 plus Punitive relief for the indifference, to be determined at trial. The property taken on March 9th 2019 included many Under Armour items owned and worn by my deceased father. And the paper documentation and notebooks and personal journaling are irreplaceable, some of which would be evidence here from Camp 99.

XX. An itemized list can be produced for discovery.

XXI. Based on the claims made I believe there should be Declaratory Judgment regarding 4.815 as applied to individuals without an address. 8th amendment clarification if fines are covered in Martin v Boise as of 9/4/18, or only criminalizing which

14

   defendant Miller believes means jailing. Or was it not until Timbs the December ruling in 2018. Justifying on belief Regarding constitutional soundness after a federal court ruling on the sand and then a Supreme Court ruling is truly up to an officer to pay attention to constitutional rights that they're stomping on not taking the opinion of one lawyer when they see one or the other lose in court all of the time, it makes no sense;

XXII. All named defendants employed by the Eugene police should be required to pay $150 /person /ticket occurrence 4.815 after 9/7/18 compensatory and punitive;

XXIII. All named defendants employed by the Eugene police should be required as punitive And compensatory 2K each person $280 per person per occurrence on every Criminal Trespass 2 ticket written, based only on the letter trespass on file, for a person sitting in the wrong spot on the sidewalk, or if we're sleeping against the building overnight protecting one of our flanks from being attacked, For dipping under an awning in a rain or hail storm for a moment as happened with more than one member of the proposed class. One who stands out, Spending 8 months before dismissal and admission from defendant Sgt Smith that there was no letter of trespass on file. This compensation should be for the 21 months prior to today March 25th 2020, City the courts and the police were given long-standing Federal ruling and convincing argument that procedure of enforcement is ill-conceived, based on my reading the letter on file. I asked the defendant, the law school

        graduate Jordan if she had ever read the letter on file. She said no Eric should I have too, I'm told by my bosses and the attorneys for the city how the constitutionality and procedure we use, are within the law and constitutional, should I doubt them. I said yes, because of observing the actions firsthand dozens of times by the defendants not acting as agent. Officers that arrested for that trespass letter on file 4.807 charge could also be required spend 12 hours/arrest @ Springfield jail paid under the contract by Eugene;

XXIV. Johns and Mokrohisky disposed of property of the campers from 99 and stored them in a place where mildew built up, as their fault. They know that it is 90 days. They were told by me, and Johns acted the big shot, with I know the sign said 30 but I hold it much longer than that. With no aid or assistance that was given to get the property from downtown to 99 quelling our protest, then back to Glenwood, to then just toss it without any buy myself who camped at Glenwood to retrieve the property. And the program at st vinnys precluded that anyway. A container at 99 - 450N Lindholm or at 719 N dawn to dawn, their properties by the Value Inn. Relief could be: Michael John's in Mokrohisky being responsible individually to reimburse each of the campers that had property(id, & irreplaceable photos papers among things i've heard) in the storage unit, besides myself and Ghenatos.

xxv. Defendant's Mocrohisky, Dingel, Johns, Miller, Mozan, Skinner, Ruiz, T. Smith, Kerns and Vinis because each has their various special controlling

position to have mitigated negative outcomes and harsh constitutional violations of plaintiff's rights, in the proposed Class, pay a sum no less than 15% of their annual pre-tax income from their position for the City of Eugene or Lane County and publish an apology on the respective county or city or EPD websites and social media, with a link on their landing page above the fold (need to scroll down) no smaller than. 150 point x 150 points, for no less than 1 year, directing to a secondary page within the main website, with proper meta tags to get sorted by search engines as to the content & keyword <apology to homeless for our bad acts> which can easily be checked.

XXVI. [4.872 is causes harm through government by way of police restricting movement by intimidation, conjoined 4.807 & 2.019. Being vague and overreaching by unconstitutional jumps from officer bans and implied OTSC with the barring restrictions from camping, to selling your art, to newspaper racks and everything in between.]

XXVII. [4.807 with regard to having a letter of trespass on file, basing on the Grand Rapids Michigan cases, a its lacking probable cause and 2.019] where the letter emanates, administrative rule.

[SIC] By submitting this document I do hereby designate each and every police officer now or hereafter employed by the City of Eugene as agent for the purpose of enforcing, Sections 4.805-4.809 of the Eugene Municipal Code. This authorization shall continue in full force and effect until such time as it is revoked in writing and said writing is duly delivered to the Eugene Police Department.

XXVIII. Community Centers are stated in the online version for [2.019] Parks Exclusion in Eugene, but the

document given by all officers does not recan't sentence. I proved this before in Denver. With my help the ACLU took a case for [Troy Holm](). With an extraordinary percentage of homeless individuals often just having their property with them I'm taking a nap in the park against the tree, which a housed individual would never be punished for, once identified even if fit a description or Terry would excuse. This ban and the potential criminal charges connected to have prevented me from entering the Parks in Eugene unless my property is elsewhere. It's restrictive of freedom even to those who have not been charged but many members of the proposed Class have been.

XXIX. Plaintiffs' fees for court, appointed attorney fees and costs incurred in this lawsuit pursuant to 28 U.S.C. § 2202.

XXX. All other Relief in my other parts of this needing polish prose filing, and such other relief as this Court deems just and proper.

*qualified immunity extends in our belief, to Bravo & O'Rourke

Certification of Proof of Service sent via traced e-mail;
**28 U.S. Code § 1746**
Certification in lieu of Oath, I Eric T Jackson swear under the penalty of perjury, this & the preceding 9 pgs to be true and correct;

All filings herein are in compliance with Rule 11;

This is one of several parts to the argument separated into sections for simplicity of access, and all one argument and should be treated as a whole;

If any single section (pdf file(s)) or, any of its connected document(s) or, a sub-file of the entire pleading documents, or sentence, word or, paragraph be deem to be lacking subject matter jurisdiction and the court does not take personal jurisdiction over those, the rest of the document travels forward as the remaining claims and augment in full force;

/s/ Eric T Jackson, Pro-se, Plaintiff 6/3/2020

The Civil Rights Attorney's Fee Awards Act of 1976 (42 U.S.C.Accvccvjd. § 1988[b]) allows for the award of reasonable attorneys' fees to the prevailing party in cases brought under various federal civil rights laws, including section 1983. This provision applies whether or not **COMPENSATORY DAMAGES** were awarded. This provision also applies whether the plaintiff or the defendant prevails. However, if the defendant is the prevailing party, attorneys' fees have been held to be appropriate only/ where the lawsuit was "vexatious, frivolous, or brought to harass or embarrass the defendant" (*Hensley v. Eckerhart,* 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 [1983]). In addition, section 1988 does not require that the attorneys' fees awarded be in proportion to the amount of damages recovered (*City of Riverside v. Rivera,* 477 U.S. 561, 106 S. Ct. 2686, 91 L. Ed. 2d 466 [1986]).

The Supreme Court has held that section 1983 creates "a species of tort liability" (*Imbler v. Pachtman,* 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 [1976]). Thus, the Supreme Court has held that, as in TORT LAW, a section 1983 plaintiff is entitled to receive only nominal damages, not to exceed one dollar, unless

she or he can prove actual damages (*Carey v. Piphus,* 435 U.S. 247, 98 S. Ct. 1042, 55 L. Ed. 2d 252 [1978]). The jury is not entitled to place a monetary value on the constitutional rights of which the plaintiff was deprived (*Memphis Community School District v. Stachura,* 477 U.S. 299, 106 S. Ct. 2537, 91 L. Ed. 2d 249 [1986]). Plaintiffs bear the burden, therefore, of presenting evidence of all expenses incurred, such as medical or psychiatric expenses, lost wages, and any damages due to pain and suffering, emotional distress, or damage to reputation. The plaintiff is also under a burden to mitigate his damages, and the award of damages may be reduced to the extent that the plaintiff failed to do so.

/s Eric T Jackson, Pro Se, Plaintiff     5/29/2020