UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

ERIC T. JACKSON et al,                          Case No. 6:20-cv-00906-MK
                                                 **FINDINGS AND**
                          Plaintiffs,            **RECOMMENDATION**

        vs.

GREGORY GILL et al,

                          Defendants.
_____

**KASUBHAI,** United States Magistrate Judge:

        *Pro se* Plaintiff Eric T. Jackson ("Plaintiff") filed this action against various Defendants

associated with the City of Eugene, Oregon ("City Defendants"), Lane County, Oregon ("County

Defendants"), and St. Vincent de Paul, Inc. ("SVDP Defendants"). While Plaintiff's Amended

Complaint ("AC") raises various facts and allegations, the Court construes the AC to allege the

following claims: violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to

the United States Constitution pursuant to 42 U.S.C. § 1983, as well as a state law claim for

breach of contract. AC at 2–3, 27, ECF No. 20. Plaintiff seeks monetary damages, punitive

damages, and "retrospective damages." *Id.* at 5. Defendants now move to dismiss Plaintiff's

claims under Fed. R. Civ. P. 12(b)(6). *See* City Defs.' Mot. Dismiss, ECF No. 82 ("City Defs.' Mot."); County Defs.' Mot. Dismiss, ECF No. 85 ("County Defs.' Mot."); SVDP Defs.' Mot. Dismiss, ECF No. 87 ("SVDP Defs.' Mot."). In the alternative, Defendants move for a more definite statement under Fed. R. Civ. P. 12(e). *Id.* Defendants also move to strike all plaintiffs who have not signed the AC. *See* City Defs.' Mot. at 4–5; *see also* County Defs.' Mot. at 3. Lastly, City Defendants request the Court take judicial notice of various documents from the Eugene Municipal Court and the Lane County Circuit Court.[1] *See* City Defs.' Mot. Judicial Notice, ECF. No. 83. For the reasons that follow, Defendants' motions should be GRANTED.

## BACKGROUND

The following facts are taken from Plaintiff's AC and are accepted as true for the purposes of the pending motions. *See* AC, ECF No. 20. At all relevant times, Plaintiff has lived in Eugene, Oregon. *Id.* at 18. On several occasions, Eugene Police Department ("EPD") officers ticketed and arrested Plaintiff for violations of the Eugene Municipal Code ("EMC") such as trespassing, camping in public spaces, and engaging in prohibited activities in Eugene's "Downtown Activity Zone." *Id.* at 12–16; *see also* EMC § 4.806 (Criminal Trespass in the Second Degree by a Guest); EMC § 4.807 (Criminal Trespass in the Second Degree); EMC § 4.815 (Prohibited Camping); EMC § 4.872 (Downtown Activity Zone – Prohibited Acts). Plaintiff was subsequently convicted in Eugene Municipal Court for Plaintiff's EMC violations. EPD officers also ticketed and arrested Plaintiff during his participation in protests prompted by

---

[1] The Court GRANTS Defendants' Motion for Judicial Notice of documents from Lane County Municipal Court and Lane County Circuit Court regarding Plaintiff's EMC violations. *See* City Defs.' Mot. for Judicial Notice, ECF No. 83; *see also Coultas v. Payne*, No. 3:11-cv-45-AC, 2015 WL 5920645, at *3 (D. Or. Oct. 9, 2015) ("The court may 'take judicial notice of undisputed matters of public record . . . including documents on file in federal or state courts.'") (quoting *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012)).

the Ninth Circuit's decision in *Martin v. Boise*. AC at 12–16. Lastly, Defendants seized

Plaintiff's personal property. *Id.* at 21–25.

Plaintiff Jackson has filed the AC on behalf of himself and several other individuals.[2]

Plaintiff names a total of twenty-seven Defendants: (1) City of Eugene (the "City"); (2) Lane

County (the "County"); (3) St. Vincent de Paul Society of Lane County ("SVDP"); (4) Gregory

Gill, Eugene Municipal Court Judge; (5) Karen Stenard, Eugene Municipal Court Judge; (6)

Richard Fredericks, Eugene Municipal Court Judge; (7) Lucy Vinis, Eugene Mayor; (8) Ben

Miller, City Prosecutor; (9) Jon Ruiz, City Manager; (10) Chris Skinner, EPD Chief; (11) EPD

officers Jose Alvarez, Joseph Fritts, Douglas Mozan, Allison Jordan, Julie Smith, Gregory

Magnus, Dale Dawson, Jason Bo Rankin, Jennifer Peckels, Joel Peckels, and "EPD Officer

Mace;" (12) Lane County employees Michael Johns, Steve Mokrohinsky, and Steve Dingle; and

(13) SVDP employees Pete Kerns, Terry McDonald, and Roxann O'Brien.

Plaintiff initially sought injunctive relief, which Judge Aiken denied. *See id.* at 1; Pl.'s

Mot. TRO, ECF No. 23; Pl.'s Mot. Prelim. Inj., ECF No. 13; *see also* Orders, ECF Nos. 30, 45.

Plaintiff also filed motions for class certification and a settlement conference. *See* Pl.'s Mot. for

Class Certification, ECF No. 5; Pl.'s Mot. for Settlement Conference, ECF No. 6. The Court

denied both motions. Findings and Recommendation ("F&R"), ECF No. 41; *see also* Order

Adopting F&R, ECF No. 44.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) for failure to state a claim may be granted only

when there is no cognizable legal theory to support the claim or when the complaint lacks

sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular*

---

[2] None of those Plaintiffs have been named in or signed the AC. For purposes of Defendants' motions, the Court will refer to Plaintiff Jackson individually rather than "Plaintiffs."

*Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a

complaint's factual allegations, the court must accept as true all well-pleaded material facts

alleged in the complaint and construe them in the light most favorable to the non-moving party.

*Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l*

*Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth,

allegations in a complaint "may not simply recite the elements of a cause of action, but must

contain sufficient allegations of underlying facts to give fair notice and to enable the opposing

party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All

reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal*

*Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not,

however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678–79 (2009).

## DISCUSSION

### I.    Motion to Strike

The Court must resolve one preliminary matter before reaching the substantive merits of

Defendants' motions to dismiss: whether the Court will consider the inclusion of Plaintiffs who

have not signed the AC. City and County Defendants move to strike the AC for failure of all

Plaintiffs to sign the AC as required by Fed. R. Civ. P. 11(a). City Defs.' Mot. at 4–5; County

Defs.' Mot. at 3.

Although parties may plead and conduct their own cases personally in all courts of the

United States, an individual appearing *pro se* may not represent other individuals. 28 U.S.C. §

1654; *see also Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well

established that the privilege to represent oneself *pro se* provided by §1654 is personal to the

litigant and does not extend to other parties or entities."). If a *pro se* litigant files a complaint that lists other plaintiffs, those plaintiffs must personally sign the complaint pursuant to Fed. R. Civ. P. 11(a) to proceed as parties. *See, e.g.*, *Bennett v. Misner*, No. 02-cv-1662-HA, 2004 WL 2091473, at *2 (D. Or. Sep. 17, 2004) ("*Pro se* litigants have no authority to represent anyone other than themselves; therefore, [a *pro se* litigant] lacks the representative capacity to file motions and other documents on behalf of other plaintiffs.").

Here, Plaintiff's sole signature on the AC does not satisfy the requirement that all plaintiffs must personally sign the complaint. As the Court has previously admonished, Plaintiff cannot represent other parties. *See* F&R at 4, ECF No. 41. In addition, the AC fails to identify with sufficient specificity the names of the other purported Plaintiffs. *See* AC, ECF No. 20; *but see* Compl., ECF No. 1 (listing the names of other Plaintiffs). As such, dismissal is appropriate as to the unnamed Plaintiffs who have not signed the AC and Defendants' motion should be granted. Because the Court previously warned Plaintiff Jackson that he cannot represent other plaintiffs, and because Plaintiff had substantial time to secure other plaintiffs' signatures and failed to do so, dismissal should be with prejudice.

## II.     Motions to Dismiss for Failure to State a Claim

Plaintiff brings various § 1983 claims and a state law breach of contract claim against multiple Defendants. Plaintiff also brings "collusion" and "failure to provide adequate protections" claims against Defendants, which are not cognizable state law claims and should be dismissed with prejudice for failure to state a claim. The Court will address Plaintiff's remaining claims as to each Defendant.

### A.    City of Eugene

Plaintiff claims that the City of Eugene's "practice or policy" of issuing Prohibited

Camping citations violates the First, Eighth, and Fourteenth Amendments. AC at 17; *see also*

EMC § 4.815 (Prohibited Camping). Plaintiff further asserts that the City's "policy" of issuing

Criminal Trespass citations without first warning an individual violates the Fourth Amendment.

*Id.* at 4; *see also* EMC § 4.806 (Criminal Trespass in the Second Degree by a Guest); EMC §

4.807 (Criminal Trespass in the Second Degree). City Defendants argue that those claims are

barred by the *Heck* doctrine. City Defs.' Mot. at 11–12.

Plaintiff also brings a state law claim for breach of contract against various Defendants.

AC at 27–38. While Plaintiff claims Defendants Skinner and Mozan were involved in the alleged

contract, it is not clear whether Plaintiff alleges a breach of contract claim against the City. To

the extent that Plaintiff is alleging the City breached a contract, Defendants argue Plaintiff's

claim is barred by his failure to plead adequate tort claim notice. City Defs.' Mot. at 12–13.

However, the Oregon Tort Claims Act ("OTCA") does not require a plaintiff to plead tort claim

notice for a breach of a legal duty arising from contract. *See* ORS § 30.260.

### 1.    Heck Doctrine

In *Heck v. Humphrey*, the Supreme Court held:

> [I]n order to recover damages for an allegedly unconstitutional conviction, or for
> other harm caused by actions whose unlawfulness would render a conviction or
> sentence invalid, a § 1983 plaintiff must prove the conviction or sentence has
> been reversed on direct appeal, expunged by executive order, declared invalid by
> a state tribunal authorized to make such determination, or called into question by
> a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. 477, 486–87 (1994). The Supreme Court also explained that its primary concern was

the possibility of conflicting judgments:

> This requirement avoids parallel litigation over the issues of probable cause and guilt and it precludes the possibility of the claimant succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction.

*Id.* at 484 (citation and internal quotations omitted). The Supreme Court directed lower courts to "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. The Ninth Circuit has determined that *Heck* bars suits based on theories that necessarily imply the invalidity of a prior conviction. *Cunningham v. Gates*, 312 F.3d 1148, 1153 (9th Cir. 2002).

City Defendants assert that Plaintiff's claims are barred by the *Heck* doctrine because Plaintiff raised the same constitutional arguments to defend against his convictions in municipal court. City Defs.' Mot. at 11–12. In June 2019, Plaintiff filed a Notice of Appeal for his Prohibited Camping conviction. City Defs.' Mot. for Judicial Notice, Ex. 1, ECF No. 83-1. However, Plaintiff failed to appear at the scheduled hearing date and a Lane County Circuit Court judge entered a general judgment of dismissal in September 2019. *Id.*, Ex. 4, ECF No. 83-4. In addition, a Lane County jury found Plaintiff guilty of Criminal Trespass in the Second Degree in March 2021. *Id.*, Ex. 10, ECF No. 83-10. In April 2021, Plaintiff filed a Notice of Appeal as to the March 2021 judgment. County Defs.' Mot., Ex. A, ECF No. 85.

The Court finds that Plaintiff's First Amendment, Eighth Amendment, and Fourteenth Amendment claims should be barred under *Heck* because the AC disputes the central factual and legal issues that a municipal court has already resolved against Plaintiff. In addition, the Court finds that Plaintiff's Fourth Amendment claim as to the City's alleged policy of issuing Criminal Trespass citations without a warning should also be barred under *Heck*. These claims rest on

theories that necessarily imply the invalidity of Plaintiff's municipal court convictions. Plaintiff

does not allege any facts that indicate that his convictions have "been reversed on direct appeal,

expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"

*See Heck*, 512 U.S. at 487. Further, Plaintiff is currently in the process of appealing his Criminal

Trespass conviction. Allowing Plaintiff to proceed with his claims in this Court runs the risk of

creating "two conflicting resolutions arising out of the same or identical transaction." *Id.* at 484.

Accordingly, the Court finds that Plaintiff's First Amendment, Fourth Amendment, Eighth

Amendment, and Fourteenth Amendment claims against the City should be barred under *Heck*.

### 2.    Breach of Contract

To prevail on a breach of contract claim, a plaintiff must allege the existence of a

contract, its relevant terms, plaintiff's full performance of the contract and lack of breach, and

defendant's breach resulting in damages to plaintiff. *Matchniff v. Great Nw. Ins. Co.*, 224 F.

Supp. 3d 1119, 1124 (D. Or. 2016) (citing *Slover v. Or. State Bd. of Clinical Soc. Workers*, 144

Or. App. 565, 570 (Or. Ct. App. 1996)). "Under Oregon law, '[a] breach is material if it goes to

the very substance of the contract and defeats the object of the parties entering into the

contract.'" *Woods v. Wells Fargo Bank, N.A.*, No. 6:13-cv-00457-AA, 2014 WL 334253, at *4

(D. Or. Jan. 28, 2014) (quoting *Bisio v. Madenwald*, 33 Or. App. 325, 331 (Or. Ct. App. 1978)).

In addition, plaintiffs must plead and prove their own substantial performance of the contract's

terms. *Strasser v. BAC Home Loan Serv.*, 3:11-cv-01432-JE, 2014 WL 6686717, at *6 (D. Or.

Nov. 24, 2014).

Here, Plaintiff fails to allege facts that establish the existence, performance, or breach of

any contract between Plaintiff and Defendants that could state a plausible claim for relief.

Plaintiff claims that Defendants made various statements which led him to believe he entered into an oral agreement to operate a homeless camp. Specifically, Plaintiff asserts that Defendant Mozan accompanied Plaintiff to a County-owned parcel of land, told Plaintiff it would be prepared for him to move in immediately, and mentioned that Plaintiff would be "in charge." AC at 34. However, even assuming a contract existed, Plaintiff does not allege any facts about the terms of the contract or facts showing his substantial performance of the contract's terms. Even Plaintiff notes that he was "skeptical" of how the arrangement would work between him and Defendants. *Id.* As such, Plaintiff has not sufficiently stated a cause of action for breach of contract and his state law claims against the City should be dismissed with prejudice.

### B.     Lane County

Plaintiff claims that the County's curfew that led to his Criminal Trespass charges violated the First Amendment and Eighth Amendment. AC at 25–27. Plaintiff also appears to base his breach of contract claim against the County on a County employee's statements that made Plaintiff believe he entered into a contract with the County. *Id.* at 32–33. The County asserts that Plaintiff's § 1983 claims are barred by *Heck* and his breach of contract argument fails to state a claim. County Defs.' Mot. at 4–6.

#### 1.     *Heck* Doctrine

As explained, Plaintiff's First Amendment and Eighth Amendment claims are barred by *Heck* because they implicate the validity of his Criminal Trespass conviction which is currently on appeal. *See* County Defs.' Mot., Ex. A, ECF No. 85. As such, his § 1983 claims against the County should be dismissed with prejudice.

2.    Breach of Contract

Plaintiff's state law claim for breach of contract fails to state a claim. Plaintiff claims that County-affiliated social worker Laurel O'Rourke accompanied him and Defendant Mozan to the County-owned parcel of land, which "was enough for [Plaintiff] to believe that this was a legitimate contract that [Plaintiff] was entering into even though only verbally at the time[.]" AC at 33. However, as discussed, Plaintiff does not state any factual allegations about the terms of the contract or facts showing his substantial performance of the contract's terms. As such, Plaintiff has not sufficiently stated a cause of action for breach of contract and his state law claims against the County should be dismissed with prejudice.

**C.    Judges Gill, Stenard, and Fredericks**

Plaintiff claims that Defendants Gill, Stenard, and Fredericks excluded him from the downtown area and, in doing so, restricted his "free movement and free speech." *Id.* at 40. Defendants Gill, Stenard, and Fredericks are all Eugene Municipal Court judges. City Defendants move to dismiss the AC because Defendant Gill is "absolutely immune" from Plaintiff's claim. City Defs.' Mot. at 5. Although City Defendants limit their arguments to Defendant Gill, in the interest of judicial economy the Court will discuss judicial immunity as applied to Defendant Judges Gill, Stenard, and Fredericks.

Judges are absolutely immune from liability for damages, certain injunctive relief, and declaratory relief sought as a result of judicial acts performed in their judicial capacity. *Moore v. Brewster*, 96 F.3d 1240, 1243–44 (9th Cir. 1996) (*superseded by statute on other grounds*); *Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1394 (9th Cir. 1987). To qualify for judicial immunity, judges must have performed "judicial acts" within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). "An act is judicial in nature if it

is a function normally performed by a judge and the parties to the act were dealing with the judge in his judicial capacity." *McGuire v. Clackamas Cty. Counsel*, No. 08-cv-1098-AC, 2009 WL 4456310, at *4 (D. Or. Nov. 24, 2009) (citing *Stump*, 435 U.S. at 362). Judges "enjoy absolute immunity even when their actions are erroneous, malicious, or in excess of judicial authority." *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989).

Plaintiff claims that Defendant Judges Gill, Stenard, and Fredericks violated his rights when they charged him with various EMC violations. These allegations concern Defendants' judicial acts and Plaintiff has not alleged any facts that indicate Defendants acted outside the scope of their jurisdiction or judicial capacity. All three Defendants are therefore entitled to absolute immunity. Plaintiff's claims regarding Defendant Judges Gill, Stenard, and Fredericks should be dismissed with prejudice.

### D.    City Prosecutor Ben Miller

Plaintiff claims that Defendant Miller violated his constitutional rights when Defendant Miller: (1) announced the City's position regarding *Martin v. Boise* during a press release, and (2) advised police officers regarding probable cause to arrest Plaintiff for Criminal Trespass. *See* AC at 11, 39. Defendant Miller argues that Plaintiff fails to state a claim as to Miller's announcement. City Defs.' Mot. at 7. Defendant Miller also argues that his advice to police officers was "done in his capacity of a prosecutor and he is entitled to absolute immunity." *Id.* Lastly, Defendant Miller asserts that Plaintiff's § 1983 claims are barred under *Heck*. *Id.* at 11– 12.

First, Plaintiff fails to allege what constitutional right Defendant Miller violated when announcing the City's position regarding *Martin v. Boise* during a press release. Plaintiff merely claims that Miller's press release announcement "did cause irreparable harm to the plaintiff and

the homeless community" and "led to the arrest and or ticketing of the plaintiff on multiple

occasions." AC at 11. Plaintiff alleges no facts that give rise to a § 1983 claim.

Second, Plaintiff's claim regarding Defendant Miller's advice to police officers is barred

by the *Heck* doctrine. Defendant Miller advised police officers regarding probable cause to arrest

Plaintiff for Criminal Trespass. AC at 38–39. As mentioned, Plaintiff is currently appealing his

Criminal Trespass conviction. *See* County Defs.' Mot., Ex. A, ECF No. 85. Allowing Plaintiff to

proceed with his argument before this Court risks implying the invalidity of his municipal court

conviction. As such, Plaintiff's claim is barred under *Heck* and the Court need not address

absolute immunity as applied to Defendant Miller. Plaintiff's § 1983 claims against Defendant

Miller should be dismissed with prejudice.

### E.    Mayor Lucy Vinis and City Manager Jon Ruiz

Plaintiff asserts that Defendants Vinis and Ruiz violated the Fourth Amendment because

they "possessed the administrative authority at any time to abate the policy" of issuing Criminal

Trespass citations without first giving a warning. AC at 7. Plaintiff also claims that Defendants

Vinis and Ruiz violated his equal protection rights under the Fourteenth Amendment because the

policy is "not enforced against house residents with local ID[.]" *Id.* City Defendants assert that

Plaintiff fails to state a claim for relief because Plaintiff's claims are not true as a matter of law.

City Defs.' Mot. at 5–6. Although City Defendants limit their arguments to Defendant Vinis, in

the interest of judicial economy the Court will discuss their arguments as applied to both

Defendant Vinis and Defendant Ruiz.

First, as explained, Plaintiff's Fourth Amendment and Fourteenth Amendment claims

relating to his Criminal Trespass conviction are barred by *Heck*. Second, even if these claims

were not barred by *Heck*, Plaintiff fails to state a claim. Under the Eugene Municipal Charter, the

Mayor "may not vote on matters before the council, except in case of a tie, when he or she shall cast the deciding vote." Eugene Municipal Charter, § 12. In addition, under the Eugene Municipal Code, the City Manager has the authority to, among other duties, "[a]dopt rules for implementation of any provisions of this code; and [p]erform all other acts necessary to administer or enforce the provisions of this code." EMC § 2.019. However, the City Manager does not have the authority under the EMC to unilaterally end or abate a municipal policy. Neither does the Mayor. Plaintiff's allegations as to the authority of both Defendants Vinis and Ruiz are wrong as a matter of law. As such, Plaintiff's claims as to Defendants Vinis and Ruiz should be dismissed with prejudice.

### F.    EPD Chief Chris Skinner

Plaintiff claims that Defendant Skinner violated his equal protection rights under the Fourteenth Amendment because Defendant Skinner said "only the protest has been receiving camping tickets." AC at 21. Defendant Skinner argues that Plaintiff fails to state any cognizable claim because: (1) Plaintiff does not allege Defendant Skinner directed that citations be issued only to protestors; (2) Plaintiff does not allege Defendant Skinner ratified such conduct; (3) Plaintiff does not allege Defendant Skinner himself issued any citations; and (4) Plaintiff does not allege that other groups engaged in the same unlawful activity were treated more favorably by not being cited. City Defs.' Mot. at 6.

The Court agrees with Defendant Skinner. To the extent that Plaintiff's claim is not related to his Prohibited Camping conviction and therefore barred under *Heck*, Plaintiff fails to allege facts sufficient to state a claim for relief. Plaintiff provides the Court with no facts other than Defendant Skinner's statement to a journalism class that "only the protest has been receiving camping tickets." AC at 21. Plaintiff does not allege that Defendant Skinner issued any

Page 13 — FINDINGS AND RECOMMENDATION

citations, directed citations at the protest, ratified the conduct of EPD officers issuing citations, or treated other groups engaged in the same activity more favorably. As such, Plaintiff's claims as to Defendant Skinner should be dismissed with prejudice.

### G.    Individual EPD Officers

Plaintiff brings various § 1983 claims and a breach of contract claim against EPD officers Jose Alvarez, Joseph Fritts, Douglas Mozan, Allison Jordan, Julie Smith, Gregory Magnus, Dale Dawson, Jason Bo Rankin, Jennifer Peckels, Joel Peckels, and "EPD Officer Mace" (collectively, "EPD Officers"). First, Plaintiff claims that Defendants Mozan, Mace, Fritts, and Smith violated his First Amendment rights when they arrested him for Criminal Trespass. AC at 38–39. Second, Plaintiff claims that the EPD Officers violated the Fourth Amendment when they: (1) did not first warn Plaintiff before issuing a Criminal Trespass citation; (2) lacked probable cause to arrest Plaintiff for Criminal Trespass; and (3) seized Plaintiff's belongings. *Id.* at 5–6, 21–25. Third, Plaintiff claims that the EPD Officers violated the Eighth Amendment when he received Prohibited Camping citations. *Id.* at 10, 12–16. Fourth, Plaintiff claims that the EPD Officers violated his equal protection and due process rights under the Fourteenth Amendment when they arrested him but not other pedestrians for Criminal Trespass. *Id.* at 39. Lastly, Plaintiff claims that Defendant Mozan breached a contract. *Id.* at 32–33. Defendants assert that many of Plaintiff's claims are barred by *Heck* and that the EPD Officers are entitled to qualified immunity. City Defs.' Mot. at 8–11.

Plaintiff also claims the EPD Officers violated the Fifth Amendment but does not allege any facts in support of this claim. AC at 3–4. As such, Plaintiff has failed to allege facts sufficient to state a Fifth Amendment claim and that claim should be dismissed with prejudice.

1.    _Heck_ Doctrine

Plaintiff's First, Eighth, and Fourteenth Amendment claims are barred by _Heck_ because they implicate the validity of his municipal court convictions, one of which is currently on appeal. *See* County Defs.' Mot., Ex. A, ECF No. 85. In addition, Plaintiff's Fourth Amendment claim relating to his Criminal Trespass arrests and conviction are barred by _Heck_ because they challenge the validity of his conviction. These claims against the EPD Officers should be dismissed with prejudice.

Plaintiff's only remaining claim against the EPD Officers that is not barred by _Heck_ is his claim that they seized his belongings in violation of the Fourth Amendment. This is because a judgment in favor of Plaintiff on this specific Fourth Amendment claim would not implicate the validity of his conviction or sentence for Criminal Trespass or Prohibited Camping. *See Heck*, 512 U.S. at 487. Plaintiff challenges City Defendants' seizure of personal property he left unattended. That issue is unrelated to Plaintiff's state court proceedings for his EMC violations. As such, Plaintiff's Fourth Amendment claim as it relates to the seizure of his personal property is not barred by _Heck_.

2.    Qualified Immunity

To the extent that Plaintiff's Fourth Amendment claim survives _Heck_, City Defendants argue that the EPD Officers are entitled to qualified immunity. City Defs.' Mot. at 10.

Qualified immunity "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation and internal quotations omitted). The purpose of qualified immunity is to "strike a balance between the competing 'need to hold public officials accountable when they exercise

power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably.'" *Mattos v. Agarano*, 661 F.3d 433, 440 (9th Cir. 2011) (quoting *Pearson*, 555 U.S. at 231). Qualified immunity "applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Pearson*, 555 U.S. at 231 (citation and internal quotations omitted).

"Determining whether officials are owed qualified immunity involves two inquiries: (1) whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the official's conduct violated a constitutional right; and (2) if so, whether the right was clearly established in light of the specific context of the case." *Robinson v. York*, 566 F.3d 817, 821 (9th Cir. 2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). Courts may exercise their discretion in deciding which prong to address first "as they are in the best position to determine the order of decisionmaking that will best facilitate the fair and efficient disposition of each case." *Pearson*, 555 U.S. at 242.

Whether an official is entitled to qualified immunity "generally turns on the objective legal reasonableness of the action assessed in light of the legal rules that were clearly established at the time it was taken." *Anderson v. Creighton*, 483 U.S. 635, 639 (1987) (citations and internal quotations omitted). "For a right to be 'clearly established,' existing 'precedent must have placed the statutory or constitutional question *beyond debate*,' such that 'every' reasonable official, not just 'a' reasonable official, would have understood that he was violating a clearly established right." *Thompson v. Rahr*, 885 F.3d 582, 587 (9th Cir. 2018) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)) (emphasis in original).

Here, Plaintiff cannot show that the EPD Officers violated a clearly established constitutional right. Plaintiff cites *Lavan v. City of Los Angeles* in support of his argument that

Page 16 — FINDINGS AND RECOMMENDATION

the EPD Officers seized and disposed of his belongings in violation of the Fourth Amendment. AC at 21–25. In *Lavan*, the Ninth Circuit found a cognizable Fourth Amendment claim in a homeless individual's challenge to a city's policy of seizing and immediately destroying the personal property of homeless individuals who temporarily left their property unattended. *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1030–31 (9th Cir. 2012). Here, Plaintiff has failed to allege that the City of Eugene had a policy of seizing and immediately disposing of personal belongings left unattended or that the EPD Officers acted according to that policy. Plaintiff also fails to allege that the EPD Officers disposed of his belongings or that such disposal happened immediately. Without these facts, the EPD Officers could not have known they were violating a clearly established constitutional right and are therefore entitled to qualified immunity. As such, Plaintiff's Fourth Amendment claim as to the EPD Officers should be dismissed with prejudice.

    3. <u>Breach of Contract</u>

    Plaintiff asserts that Defendant Mozan made various statements that caused Plaintiff to believe he entered into a contract to operate a camp for homeless individuals. AC at 30–32. As explained, Plaintiff fails to allege any facts that show the existence, performance, or breach of any contract between Plaintiff and Defendant Mozan. However, even assuming such a contract existed, Plaintiff does not make any factual allegations about the terms of the contract or facts showing that Defendant Mozan had the capacity to enter into a contract on behalf of the City. As such, Plaintiff has not sufficiently stated a cause of action for breach of contract and his state law claims against Defendant Mozan and the EPD Officers should be dismissed with prejudice.

  **H.** **Defendant Michael Johns**

    Plaintiff claims Defendant Johns, a Lane County employee, threatened to have Plaintiff arrested for Criminal Trespass. AC at 25–27. Plaintiff maintains this violated the First

Amendment and Eighth Amendment. *Id.* at 27. County Defendants argue that Plaintiff's claims are barred by *Heck*. County Defs.' Mot. at 4–5. The Court agrees with County Defendants. As explained above, Plaintiff's First Amendment and Eighth Amendment claims are barred by *Heck*. As such, Plaintiff's claims against Defendant Johns should be dismissed with prejudice.

## I.    Defendants Steve Dingle and Steve Mokrohinsky

Plaintiff alleges that Defendants Dingle and Mokrohinsky, Lane County employees, met with various other Defendants to discuss a proposed camp for homeless individuals "behind closed doors at non public meetings." AC at 36. Plaintiff appears to allege a breach of contract claim against Defendants Dingle and Mokrohinsky. *Id.* at 27. However, as previously discussed, Plaintiff does not allege facts about the terms of the alleged contract or facts that give rise to a breach of contract claim. As such, Plaintiff's claim against Defendants Dingle and Mokrohinsky should be dismissed with prejudice.

## J.    Defendants SVDP, Pete Kerns, Terry McDonald, and Roxann O'Brien

Lastly, Plaintiff asserts a breach of contract claim against SVDP as well as SVDP employees Pete Kerns, Terry McDonald, and Roxann O'Brien.[3] AC at 34–36. SVDP Defendants argue that Plaintiff fails to allege facts that support a breach of contract claim. SVDP Defs.' Mot. at 7. Specifically, SVDP Defendants argue that Plaintiff fails to allege that Plaintiff and SVDP Defendants were bound in contract, nor did Plaintiff allege facts sufficient to establish a breach of the purported contract. *Id.* The Court agrees with SVDP Defendants. As mentioned, Plaintiff fails to allege any facts regarding with whom he contracted, the terms of the contract, or what constituted a breach of the contract. As such, Plaintiff's claims against SVDP as well as Defendants Kerns, McDonald, and O'Brien should be dismissed with prejudice.

---

[3] The Court has scoured Plaintiff's AC and is satisfied that Plaintiff has not alleged any facts that give rise to a § 1983 claim against SVDP Defendants.

### III.    Dismissal with Prejudice

City and County Defendants ask the Court to dismiss Plaintiff's claims with prejudice. *See* City Defs.' Mot. at 13; *see also* County Defs.' Mot. at 6–7.

*Pro se* pleadings are held to a less stringent standard than those drafted by lawyers. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court, in many circumstances, instructs the *pro se* litigant regarding deficiencies in the complaint and grants leave to amend. *See Eldridge v. Block*, 832 F.2d 1132, 1136–37 (9th Cir. 1987). A *pro se* plaintiff's claims may be dismissed with prejudice only where it appears beyond doubt the plaintiff can prove no set of facts that would entitle that plaintiff to relief. *Barrett v. Belleque*, 544 F.3d 1060, 1061–62 (9th Cir. 2008). However, where amendment would be futile, it is appropriate to dismiss the claim with prejudice. *See Universal Mortg. Co., Inc. v. Prudential Ins. Co.*, 799 F.2d 458, 459 (9th Cir. 1986) ("Although leave to amend shall be freely given when justice so requires, it may be denied if the proposed amendment either lacks merit or would not serve any purpose because to grant it would be futile in saving the plaintiff's suit." (citation and internal quotations omitted)).

Here, granting Plaintiff leave to further amend his complaint would be futile. Plaintiff already received notice of the deficiencies in his first complaint and he failed to correct those deficiencies as they have resurfaced in his AC. *See* Orders, ECF Nos. 12, 19. The Court allowed Plaintiff forty-five days to file an amended complaint to cure the deficiencies in his first complaint. *See* Order, ECF No. 19. Plaintiff failed to comply with that filing timeline. When he did file the AC late, it did not sufficiently cure the described deficiencies. The Court considers the delay in filing along with the uncured deficiencies as an inability to cure these deficiencies even when given ample time to do so. Lastly, Plaintiff failed to file any response to Defendants' motions. Granting Plaintiff leave to further amend his complaint would serve no purpose because

Plaintiff has repeatedly failed to comply with the Court's instructions and admonitions. Given the recurring issues in Plaintiff's pleadings and his failure to correct them, any claims that may be dismissed should be dismissed with prejudice.

## RECOMMENDATION

For the reasons above, Defendants' motions to dismiss should be GRANTED and Plaintiff's claims under 42 U.S.C. § 1983 and Oregon state law should be dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Findings and Recommendation will be referred to a district judge. Objections to this Findings and Recommendation, if any, are due fourteen (14) days from today's date. *See* Fed. R. Civ. P. 72. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 15th day of October 2021.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge